887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Welby PRITCHETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-6264.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 The government moves to dismiss this appeal from the district court's order denying Pritchett's motion to vacate sentence. 28 U.S.C. Sec. 2255 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The government's motion to dismiss does not allege that petitioner Pritchett's appeal was untimely or was taken from a nonappealable order. Therefore, the motion to dismiss is the equivalent of a motion to affirm. Motions to affirm are not allowed under the rules of this court. See Rule 8(a)(3), Rules of the Sixth Circuit. Therefore, the motion to dismiss will be denied.
 
 
 3
 The government's argument in its motion to dismiss, however, does provide the proper basis on which to decide this appeal. Generally, issues concerning the execution of sentence must be raised under 28 U.S.C. Sec. 2241 (1982). The present case is controlled by this court's holding in Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). When a defendant attacks the government's promise to write a favorable letter to the Parole Commission, the issue concerns the execution of sentence and must be raised under Sec. 2241. Therefore, the district court lacked jurisdiction over this case.
 
 
 4
 However, Pritchett filed his pro se motion under Sec. 2255 on the suggestion of the U.S. Attorney whom he had written complaining of his treatment by the parole board. Moreover, one and a half years have elapsed since Pritchett filed his motion. Therefore, the interests of justice dictate that this court should transfer this case to the appropriate district court for consideration under Sec. 2241. See 28 U.S.C. Sec. 1406(a) (1982); Cox Enterprises, Inc. v. Holt, 691 F.2d 989, 990 (11th Cir.1982) (per curiam).
 
 
 5
 The motion to dismiss is denied. The order of the district court is vacated under Rule 9(b)(6), Rules of the Sixth Circuit, and the case is transferred to the docket of the Eastern District of Kentucky at Ashland, Kentucky, for further proceedings.