René Ynclan YNCLAN,
Plaintiff–Appellant,

v.

DEPARTMENT OF the AIR FORCE,
et al., Defendants–Appellees.

No. 89–5522
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1991.

---

René Ynclan Ynclan, pro se.

Winstanley F. Luke, Ray Nowak, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for defendants-appellees.

Before POLITZ, KING and JOLLY, Circuit Judges.

KING, Circuit Judge:

René Ynclan appeals the district court's dismissal, with prejudice, of his Title VII suit against his former employer, the Air Force. The district court found that it was without jurisdiction over Ynclan's complaint, since he had failed to name and serve the proper defendant within the thirty-day period from receipt of his EEOC right-to-sue letter, as provided in 42 U.S.C. § 2000e–16(c). During the pendency of this appeal, this circuit's interpretation of the nature of the thirty-day period has been overturned by a Supreme Court decision. Since the district court's decision rests on cases whose precedential value has been negatively affected by the Supreme Court's

decision, we REVERSE the district court's order and REMAND the case for further consideration.

## I. BACKGROUND

In October 1984, René Ynclan was dismissed from his job with the San Antonio Regional Property Maintenance Agency ("SARPMA"), an appropriated fund agency with the Air Force. He contends that his dismissal was due to a lower back condition, and that the dismissal was thus discriminatory.[1] In January 1988, after receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Ynclan timely filed suit in district court under Title VII. However, his suit named only the Department of the Air Force and SARPMA as defendants, while 42 U.S.C. § 2000e–16(c) requires that Title VII suits against government employers be brought against "the head of the department...." In this case, the only proper defendant was the Secretary of the Air Force ("Secretary"). *See Gonzales v. Secretary of the Air Force*, 824 F.2d 392 (5th Cir.1987), *cert. denied*, 485 U.S. 969, 108 S.Ct. 1245, 99 L.Ed.2d 443 (1988).

Ynclan subsequently attempted to amend his complaint to add the Secretary, but the district court dismissed for lack of subject matter jurisdiction. Amendment was not proper, according to the district court, because the Secretary had not received notice of the suit prior to the expiration of the limitations period, and thus Rule 15(c) did not permit relation back. *See Gonzales*, 824 F.2d at 395–96 (citing *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91

L.Ed.2d 18 (1986), for proposition that amendment to complaint, adding defendant, is invalid unless the added defendant received notice of the action prior to the expiration of the limitations period). Ynclan appeals the Rule 12(b)(1) dismissal.

## II. STANDARD OF REVIEW

 A motion to dismiss for lack of jurisdiction may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). In this case, although the court held a hearing on the government's Rule 12(b)(1) motion, the order granting the motion does not include any findings of fact. The basis for the dismissal, in accordance with the legal reasoning outlined by the district court in its order, is, however, evident from undisputed facts in the record.[2] In such a circumstance, our review is limited to determining whether the district court's application of the law is correct and whether the facts are indeed undisputed. *Id.* Our review of the district court's application of the law is, of course, de novo.

## III. ANALYSIS

In Title VII claims against government employers, 42 U.S.C. § 2000e–16(c) imposes a number of strictures on plaintiffs wishing to sue following adverse agency action. First, the suit must be filed within thirty

---

**1.** Although Title VII does not itself prohibit dismissal due to handicap, 29 U.S.C. § 794a explicitly makes available to private litigants the provisions of 42 U.S.C. § 2000e–16 in order to secure remedies for violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.*, which prohibits discrimination by a federal government employer against handicapped employees. *See Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 301–04 (5th Cir. Unit A Nov. 1981) (overview of legislation and legislative history).

**2.** The government's brief presents an alternative basis for affirming the district court's dismissal, claiming that Ynclan's purported failure to exhaust administrative remedies in a timely fash-

ion also deprives the district court of jurisdiction. The district court's order, however, addresses only relation back under *Schiavone*, the facts underlying which are clear in the record and are undisputed on appeal. We do not address the alternative theory, as the facts underlying it were disputed before the district court, and the district court's order did not include any factfinding or even any legal conclusions on this theory. In such a situation, we have previously held that the proper disposition is to remand the case to the district court for further consideration and explicit factfinding if necessary. *See Williamson*, 645 F.2d at 414.

days following receipt of notice of such action.[3] Second, the action must be taken against the "head" of the department. In this case, the district court, following Fifth Circuit precedent as it then stood, interpreted these two requirements, operating together, as prohibiting Ynclan from amending his complaint to remedy its jurisdictional defect.

### A. Equitable Tolling of the Limitations Period

■ Until June 1989 we had consistently held that § 2000e–16(c)'s limitation period of thirty days was a waiver of sovereign immunity. *See Irwin v. Veterans Admin.*, — U.S. ——, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990), *aff'g on other grounds* 874 F.2d 1092 (5th Cir.1989); *Brown v. Dep't of Army*, 854 F.2d 77, 78 n. 1 (5th Cir.1988); *Bell v. Veterans Admin. Hospital*, 826 F.2d 357, 360–61 (5th Cir.1987). This conclusion had two significant implications. First, such a waiver must be strictly construed. Second, the thirty-day period was considered jurisdictional, and thus was not subject to equitable tolling principles.

■ This holding was disputed among other circuit courts and the conflict was addressed by the U.S. Supreme Court in *Irwin*, in an opinion handed down December 3, 1990. The Supreme Court held that our prior interpretation of the statute was incorrect. Although the provision does constitute a waiver of sovereign immunity, the thirty-day period in § 2000e–16(c) should be treated like any other statute of limitations, including subjecting it to equitable tolling. 111 S.Ct. at 457.

### B. Amending the Complaint to Add a Party

Rule 15 of the Federal Rules of Civil Procedure permits amendment of pleadings under certain circumstances. If amendment is sought prior to the filing of the responsive pleading, Rule 15(a) permits amendment once with no need to seek the court's permission. Here, the responsive pleading had already been filed, so Rule 15(a) requires leave of the court in order to amend. It also provides, however, that "leave shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a).

■ We have held that "leave to amend should not be given automatically." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). Nonetheless, the circumstances in which the rule permits denial of leave to amend are limited. The Supreme Court has held that a court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Here, none of these grounds was alleged before the district court or this court, and the district court dismissed the case on the ground that Rule 15(c), as interpreted by this court, did not permit the amendment. Since we find that the cases on which the district court relied are no longer good law, however, the court will have to consider Ynclan's motion for leave to amend on remand. For this reason, we set out here the standards for granting such leave.

■ In cases changing the designation of the party being sued, we have consistently held that mistakenly failing to sue the proper party does not itself constitute the kind of circumstance which would permit denial of leave to amend. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir.1991); *Chancery Clerk of Chickasaw County v. Wallace*, 646 F.2d 151 (5th Cir. Unit A 1981). *Wallace* stated that such a mistake constituted "[nothing] more than a remedial pleading defect...." 646 F.2d at 160.

### C. Relation Back

Rule 15(c) provides that an amendment to a pleading, changing the party against

---

**3.** Such notice is typically referred to as a "right-to-sue letter."

whom a claim is asserted, relates back to the date of the original pleading as long as two prerequisites are met. The party to be added must

> (1) [have] received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) [have known] or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). The Supreme Court, in *Schiavone v. Fortune*, 477 U.S. 21, 29–30, 106 S.Ct. 2379, 2384–85, 91 L.Ed.2d 18 (1986), interpreted this provision to require that the party to be added must have received notice before the expiration of the limitations period.[4]

In *Gonzalez v. Secretary of the Air Force*, 824 F.2d 392 (5th Cir.1987), as in this case, the plaintiff named the Department of the Air Force, instead of the Secretary, as the defendant in his Title VII suit. Although his suit had been timely filed, he did not serve process on the Department and the U.S. Attorney until after the limitations period had expired. The district court permitted the plaintiff to amend his complaint, but on reconsideration in light of *Schiavone*, dismissed the suit for lack of subject matter jurisdiction. *Id.* at 394 (citing *Schiavone*). We affirmed the dismissal, holding that in order for an amendment adding a party in a Title VII suit to relate back to the original date of filing, the added party must have had notice within the statutory period. This determination was based on *Schiavone*'s interpretation of Rule 15(c). *See* 477 U.S. at 29, 106 S.Ct. at 2384.

## D. Application to This Case

Here, the district court relied on the rule in *Gonzales*, finding that the court lacked subject matter jurisdiction to permit Ynclan to amend his complaint, since none of the defendants had been served prior to the expiration of the limitations period. Although the district court did not consider in its order the issue of equitable tolling, the judge's comments at the hearing indicate he was well aware of this circuit's previously settled case law in this area.[5]

The delay in serving process in this case, however, was not due to inaction or tardiness. Ynclan timely submitted his complaint to the district court clerk nine days prior to the expiration of the limitations period. The clerk did not stamp it "filed," however, until three days after the limitations period had expired. The clerk delayed filing Ynclan's complaint until the court resolved two pending motions, determining (1) that Ynclan was not entitled to court-appointed counsel, and (2) that he was entitled to proceed in forma pauperis ("IFP"). Only after the complaint had been formally filed were the summonses issued.

■■■ This court has held, prior to *Irwin*, that a delay by the clerk in stamping a complaint "filed" due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiff's commencement of suit. *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 962, 112 L.Ed.2d 1049 (1991); *see also Martin v. Demma*, 831 F.2d 69 (5th Cir.1987) ("Cleri-

---

4. Note that a pending change to Rule 15(c) will change the result in *Schiavone*, giving the plaintiff broader opportunity to change the name of the party being sued. As long as the intended defendant receives notice of the action within the period allowed by (amended) Rule 4(m) for service of a summons and complaint (120 days), the amendment will relate back to the date of the original complaint. *See* Notes of Advisory Committee on Proposed Amendment to Rule 15(c) (to become effective Dec. 1, 1991, absent Congressional action to the contrary), *reprinted in Federal Civil Judicial Procedure and Rules* 56–57 (West Publishing Co. ed., 1991).

5. The district court referred to *Harris v. U.S. Dep't of Transp.*, 843 F.2d 219 (5th Cir.1988) (citing *Gonzales*). Although the court did not cite any cases for the proposition, it repeatedly recognized that the Fifth Circuit had ruled that the thirty-day period was jurisdictional and not subject to equitable tolling. *See Lamb v. U.S. Postal Serv.*, 852 F.2d 845 (5th Cir.1988) (acknowledging that, if the added defendant did not have notice of the lawsuit prior to the expiration of the limitations period, the jurisdictional nature of § 2000e–16(c)'s limitation period prohibits equitable tolling).

cal delay in the formal filing of this *in forma pauperis* complaint should not affect the operative event, that is, the receipt of the complaint by the court."); *McClelland v. Herlitz, Inc.*, 704 F.Supp. 749, 751 (N.D.Tex.1989). Equity demands that this delay not prejudice the plaintiff in related respects. Since the Supreme Court has indicated that the thirty-day period prescribed in § 2000e–16(c) should be treated like any other statute of limitations, there exists no jurisdictional bar to equitable tolling in this case.

The Supreme Court has addressed equitable tolling of the limitations period in the context of a Title VII suit against a private employer. The Court stated that when "a motion for appointment of counsel is pending equity would justify tolling the statutory period until the motion is acted upon." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984) (citing *Harris v. Walgreen's Distrib. Ctr.*, 456 F.2d 588 (6th Cir.1972)). Here, but for the delay due to the pendency of Ynclan's motions for appointment of counsel and IFP status, the summonses would have been issued the day the complaint was submitted.[6] There can be little doubt that the Secretary (to whom the summons for the Department of the Air Force was addressed) would have received notice within the statutory period, which did not expire until nine days later.[7]

The Eighth Circuit has held, in a case very similar to this one, that these circumstances call for the invocation of equitable tolling. *Warren v. Dep't of Army*, 867 F.2d 1156 (8th Cir.1989). There, as here, the plaintiff's complaint was submitted to the district court along with appointment of counsel and IFP motions, and filing was delayed until the motions had been resolved; summonses were issued only after formal filing of the complaint. *Id.* at 1158. The Eighth Circuit held that the thirty-day limitations period was non-jurisdictional and thus subject to equitable tolling. *Id.* at

1159. The court then determined that the circumstances of the case, which are indistinguishable from those present in this case, warrant the use of equitable tolling. *Id.* at 1160.

The Seventh Circuit has held that the limitations period in § 2000e–16(c) is necessarily tolled when an IFP motion is pending. *Paulk v. Dep't of Air Force*, 830 F.2d 79, 83 (7th Cir.1987). In both *Warren* and *Paulk*, as here, the plaintiffs had proceeded pro se and the courts acknowledged that the plaintiffs' lack of legal sophistication played a part in their failures to name the proper defendants. *See Warren*, 867 F.2d at 1160; *Paulk*, 830 F.2d at 81.

In *Bell v. Veterans Admin. Hosp.*, 826 F.2d 357, 360–61 (5th Cir.1987), in similar circumstances, we acknowledged that "we are not unsympathetic to Bell's request for equitable relief, and we certainly understand his frustration as a *pro se* plaintiff in dealing with complex procedural requirements that may seem unnecessarily burdensome.... We are [however] bound by the law of this circuit and cannot toll the time limitation...." Now that the Supreme Court has removed the bar of stare decisis, the only obstacle to the equitable result foreseen in *Bell*, there remains no reason to restrain the operation of equity in a case such as this one.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the district court's order and REMAND the case for further proceedings consistent with this opinion.

---

**6.** This can be readily inferred from the fact that the summonses were issued the same day the complaint was stamped "filed."

**7.** Although the record does not disclose the date of receipt of the summons by the Secretary, the summons to the Attorney General (also in Washington, D.C.) was received the day after it was issued.