959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul W. COUSINO, Plaintiff-Appellant,
v.
Loralee REKUCKI; Michigan Court of Appeals, Defendants-Appellees.
 No. 91-2293.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Paul W. Cousino, pro se Michigan resident, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cousino sued the Michigan Court of Appeals due to alleged difficulties he was experiencing in a state appeal. Cousino sought to remove the appeal from the Michigan Court of Appeals and have the district court decide the merits of the case. Cousino also requested an order requiring the Michigan Court of Appeals to allow him to file a reply brief, to properly address the merits of the appeal, and to stop its "harassment" of him. He also named Loralee Rekucki as a defendant because she was the appellee in the state action and had not filed a brief with the Michigan Court of Appeals.
 
 
 3
 The Michigan Court of Appeals moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The district court dismissed the complaint against the state court for lack of jurisdiction and sua sponte dismissed the action against Rekucki finding the allegation against her to be frivolous under 28 U.S.C. § 1915(d). Cousino then moved for a new trial and to amend his complaint so as to name the judges and Clerk of Court for the Michigan Court of Appeals as defendants. The motion was denied. In his timely appeal Cousino raises the same issues he presented to the district court. He also challenges the district court's refusal to accept jurisdiction over the state appeal and to grant a new trial.
 
 
 4
 Upon de novo review, we conclude the district court lacked jurisdiction over the Michigan Court of Appeals and properly denied Cousino's motion to transfer his state appeal. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1277 (6th Cir.1991); Ynclan v. Dep't of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991). Cousino's action against Rekucki also lacks an arguable basis in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). The district court did not abuse its discretion in denying Cousino's motion for a new trial and to amend his complaint. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982).
 
 
 5
 Accordingly, we affirm the district court's judgment dated September 3, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.