978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Angelo Patrick SPARKS, Plaintiff-Appellant,
v.
Keith HICKMON, et al., Defendants-Appellees.
 No. 92-1544.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1992.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and POTTER, Senior District Judge.*
 
 ORDER
 
 2
 Angelo Patrick Sparks, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Sparks sued several Michigan parole officials in their individual capacities for subjecting him to unduly restrictive parole conditions by prohibiting him from possessing a credit card or checking account and for illegally revoking his parole in violation of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. A magistrate judge recommended that the defendants' motion for summary judgment be denied because Sparks was challenging his incarceration as a civil rights action rather than as a petition for a writ of habeas corpus. Because Sparks had not exhausted his available state court remedies, the magistrate judge recommended that the case be dismissed without prejudice under Fed.R.Civ.P. 12(b)(1). In his objections, Sparks argued that the court had jurisdiction to entertain his complaint. He also requested leave to amend his complaint, an order requiring the district court clerk to send him a free copy of the record, and an order allowing him access to his legal materials. Upon de novo review, the district court denied the motion to amend the complaint, denied the requests for relief, and dismissed the complaint without prejudice so that he may file a habeas corpus petition after he exhausted his state court remedies.
 
 
 4
 In his timely appeal, Sparks essentially argues that the district court erred by not addressing the legality of his parole conditions, by not consolidating his civil rights action with his pending habeas corpus action, by not granting his motion to amend the complaint, and by not granting his motion for free copies of the district court record. He requests leave to proceed in forma pauperis, oral argument, the appointment of counsel, and copies of the district court record.
 
 
 5
 A dismissal under Fed.R.Civ.P. 12(b)(1) is subject to de novo review. See Ynclan v. Dep't of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991).
 
 
 6
 Initially, we note that Sparks has abandoned his claim challenging the revocation procedures of his parole. The claim is thus not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 As for his claims challenging the conditions of his past parole, we conclude that such a challenge fails to rise to a level of constitutional magnitude and hence was properly subject to dismissal. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 8 (1979). The district court also did not abuse its discretion in denying Sparks's motion to amend his complaint. See Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986) (per curiam). Sparks's remaining arguments are without merit.
 
 
 8
 Accordingly, we grant leave to proceed in forma pauperis for the purposes of this appeal only, deny the remaining requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation