1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence HANNER, Plaintiff-Appellant,
v.
Mr. Michael P.W. STONE, Secretary of the Army; Nabih Rizk;
Thomas Dickinson, Ltc; Gary Frenn; Leo Pegaty,
Defendants-Appellees.
 No. 92-2565.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1993.
 
 Before KEITH and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals a district court judgment dismissing his four count complaint filed against the Secretary of the Army and other Army personnel in connection with his ten day suspension from his position with the Army. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is Hanner's fourth action commenced against Stone and the Army involving his allegation that the defendants did not properly comply with his requests under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552, in connection with his ten day suspension. He also alleged that the defendants improperly denied him sick leave and have intentionally inflicted emotional distress upon him.
 
 
 3
 The district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In his timely appeal, Hanner's brief is construed as arguing those claims which he raised in the district court. He requests oral argument.
 
 
 4
 Upon review, we conclude that the district court properly dismissed plaintiff's lawsuit pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for the reasons set forth in the district court's opinion and order filed October 26, 1992.
 
 
 5
 As to Counts I and II of Hanner's complaint, the district court properly dismissed these counts based on the doctrine of res judicata, because a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). The district court has on three prior occasions dismissed, with prejudice, Hanner's claim that the defendant did not properly comply with his FOIA requests in connection with his ten day suspension. The doctrine of res judicata bars the court from relitigating those claims Hanner raised in Counts I and II of his complaint.
 
 
 6
 Count III of Hanner's complaint, which deals with defendants' alleged refusal to give him sick leave, was properly dismissed pursuant to Rule 12(b)(6), as even when the factual allegations of the complaint are accepted as true, it is clear from a de novo review that the plaintiff can prove no set of facts which would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Because Hanner did not allege, and the facts fail to show, that he even filed a written request for sick leave as required by 5 C.F.R. Sec. 630.402, dismissal by the district court was proper.
 
 
 7
 The district court's dismissal of Count IV of Hanner's complaint pursuant to Fed.R.Civ.P. 12(b)(1), which is reviewed de novo, Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991), was also proper, as Hanner failed to file an administrative claim or to exhaust his administrative remedies as required by the Federal Tort Claims Act. 28 U.S.C. Sec. 2675.
 
 
 8
 Accordingly, Hanner's request for oral argument is denied and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.