1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence MOORER, Plaintiff-Appellant,
v.
Nicholas F. BRADY, Secretary, of the United States
Department of Treasury, Defendant-Appellee.
 No. 92-2408.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1993.
 
 1
 Before: GUY and NELSON, Circuit Judges and HOOD, District Judge.*
 
 ORDER
 
 2
 Clarence Moorer, a Michigan citizen, appeals through counsel from the dismissal of his employment discrimination action filed pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Sec. 791. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also expressly waived oral argument.
 
 
 3
 Moorer is employed by the Internal Revenue Service as a computer programmer analyst. In September of 1989, he was denied a promotion to a supervisory position. He promptly filed a complaint with the IRS, alleging that the failure to promote him was based on his physical disability, muscular dystrophy. The IRS issued a final decision denying his claim without a hearing, as Moorer's counsel failed to appear at the requested hearing. That decision, which Moorer received on February 26, 1992, informed him of his right to appeal to the EEOC within twenty days or to file a civil action in the district court within ninety days. Moorer composed a letter on March 11, 1992, appealing the decision to the EEOC. He stated that he had discharged his former attorney. At that time, he still had six days in which to post this appeal, but he inexplicably failed to do so until March 20, 1992, three days beyond the allowed period. He also failed to request an extension pursuant to 29 C.F.R. Sec. 1613.223(c), although he had been notified of this provision.
 
 
 4
 On May 12, 1992, the EEOC dismissed Moorer's appeal as untimely. This decision also informed him that he could file a civil action within thirty days of its receipt. Moorer did file a civil action on June 11, 1992, alleging claims under the Rehabilitation Act and the Michigan Handicappers Civil Rights Act, Mich.Comp.Laws Ann. Sec. 37.1101. The defendant moved for dismissal on the ground, among others, that Moorer had failed to timely exhaust his administrative remedies. The issue was briefed and arguments were heard, following which the district court dismissed the action for lack of jurisdiction, finding a failure to exhaust administrative remedies.
 
 
 5
 This court reviews de novo the district court's application of law on a question of jurisdiction. See Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991). Upon review, we conclude that the district court properly rejected Moorer's argument that equitable tolling excused his late filing of the appeal to the EEOC due to his former attorney's malfeasance. It is clear from the record that Moorer had discharged his attorney prior to the expiration of the appeal period, and his failure to post his appeal cannot be imputed to counsel.
 
 
 6
 However, at the time Moorer received the EEOC's dismissal of his appeal, he still had fourteen days in which to timely file a civil action in the district court, according to the notice of appeal rights he originally received. The EEOC, however, proceeded to inform him that he had thirty days in which to file a civil action. He complied with the latter instructions. Under the circumstances, the civil complaint should be deemed timely under the doctrine of equitable tolling, as Moorer was misled by this notice causing him to fail to file a timely complaint. See Andrews v. Orr, 851 F.2d 146, 152 (6th Cir.1988); Martinez v. Orr, 738 F.2d 1107, 1111-12 (10th Cir.1984).
 
 
 7
 As Moorer had the option at the time he received the final decision of the IRS to appeal administratively or directly file a civil action, he was not required to exhaust any further administrative remedies. His aborted attempt to do so therefore did not deprive the district court of jurisdiction, if the complaint is deemed filed within the original period due to equitable tolling. We hold that equitable tolling does apply and that the district court does have jurisdiction.
 
 
 8
 Accordingly, the order of dismissal is vacated and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation