37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James A. HAYDEN, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Defendant-Appellee.
 No. 94-5013.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and WEIS, Senior Circuit Judge.*
 
 ORDER
 
 1
 James A. Hayden, a pro se Tennessee resident, appeals a district court order dismissing his civil rights complaint filed pursuant to an unidentified statute. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Hayden filed a civil rights action against the United States Department of Veterans Affairs contending that the Department withheld benefits on several occasions. A magistrate judge recommended Hayden's motion to proceed in forma pauperis be denied as frivolous because the district court was without jurisdiction to entertain Hayden's complaint. In his timely objections to the magistrate judge's report, Hayden argued that the district court had jurisdiction over his complaint. Upon de novo review, the district court dismissed the complaint for want of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).
 
 
 3
 In his timely appeal, Hayden argues that the district court erred in dismissing his complaint for lack of jurisdiction. Hayden also contends that the Department illegally seized his personal property, that he was entitled to punitive damages, and that the Department improperly garnished portions of his disability check. Hayden has moved this court to restrain the Department from providing medical treatment to all veterans and from adjudicating any and all claims of indebtedness to the Department.
 
 
 4
 We review the dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(1) de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991).
 
 
 5
 Upon review, we conclude that the district court properly dismissed the complaint for lack of jurisdiction. The Secretary of Veterans Affairs is responsible for all questions concerning benefits to veterans, their dependents, or their survivors. 38 U.S.C. Sec. 511(a). An appeal from the Secretary's decision lies with the Board of Veterans' Appeals. 38 U.S.C. Sec. 7104(a). The Board's decision may be appealed to the Court of Veterans Appeals, 38 U.S.C. Sec. 7252(a), and then to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. Secs. 7252(c), 7292. Thus, the district court simply did not have subject matter jurisdiction to entertain Hayden's dispute with the Department of Veterans Affairs. Larrabee v. Derwinski, 968 F.2d 1497, 1499-1501 (2d Cir.1992); Hicks v. Veterans Admin., 961 F.2d 1367, 1369-70 (8th Cir.1992).
 
 
 6
 As for Hayden's remaining issues, because these issues were not raised in the district court, they are not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, we deny the motion to restrain and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation