41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara SMITH, Plaintiff-Appellant,
v.
William BAIRD; J. Cook; P.J. Quillan, Defendants-Appellees.
 No. 94-3790.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: WELLFORD, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Barbara Smith, a pro se Ohio resident, appeals a district court judgment dismissing her "petition for review" due to lack of jurisdiction. The district court also filed a memorandum opinion and injunctive order in which it barred Smith from filing further pro se lawsuits in the district court without first obtaining leave of court. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smith filed a "petition for review" in the district court in which she essentially asked the court to review April 27, 1994, and May 4, 1994, orders of the Ohio Court of Appeals, Ninth Judicial District. Smith's lawsuit arises from two separate factual scenarios, one dealing with certain housing code violations of Smith's property and the second dealing with a traffic violation for failure to stop at a red light.
 
 
 3
 The district court dismissed Smith's case for lack of jurisdiction. On appeal, Smith's pro se brief is construed as arguing those claims which she raised in the district court. She requests oral argument. The defendants move to dismiss the appeal. We deny the motion to dismiss under Rule 8(a)(3), Rules of the Sixth Circuit.
 
 
 4
 This court's review of a district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(1) is de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991); Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir.1991) (per curiam). The district court properly granted the defendants' motions to dismiss for lack of jurisdiction because the lower federal courts possess no power to sit in direct review of state court decisions. See Cleveland Surgi-Center, Inc. v. Jones, 2 F.3d 686, 690 (6th Cir.1993), cert. denied, 114 S.Ct. 696 (1994). Furthermore, because federal courts are without authority to direct state officials to conform their conduct to state law, Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 106 (1984), the district court has no authority to order a state court to set aside its order.
 
 
 5
 To the extent that Smith's brief can be construed as challenging the district court's injunctive order which prohibits Smith from filing any further pro se lawsuits in the district court without first obtaining leave of court, the district court did not abuse its discretion in issuing the injunction. See Matter of Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir.1989); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987).
 
 
 6
 Accordingly, we deny Smith's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.