47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter CALLIHAN, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY; Commonwealth of Kentucky Revenue
Cabinet, Kim Burse Secretary of; Commonwealth of Kentucky
Transportation Cabinet, Donald C. Kelley, Secretary of;
Greenup County Property Valuation Office, William Clary;
Greenup County Clerk, Donald Davidson, Defendants-Appellees.
 No. 94-5941.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and FEIKENS, District Judge.*
 
 ORDER
 
 2
 Walter Callihan, a pro se Kentucky resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Callihan sued the State of Kentucky and multiple state and county officials contending that Kentucky's ad valorem tax on motor vehicles is too high. Callihan did not state in what capacity he sued the state officials. Callihan also alleged that the State of Kentucky improperly assessed sales taxes on a business which he never opened. Finally, Callihan requested that a Kentucky statute be declared unconstitutional. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint for lack of jurisdiction.
 
 
 4
 In his timely appeal, Callihan continues to argue the issues that he presented to the district court. He also contends that the district court judge was biased. He requests oral argument. The defendants have informed the court that they will not be filing a brief.
 
 
 5
 We review the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(1) de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991).
 
 
 6
 Initially, we note that Callihan did not state in what capacity he sued the state officials. Because Callihan did not state in what capacity he sued the state officials, the officials are deemed to be sued in their official capacities. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir. 1989). As the state officials are deemed sued in their official capacities, they are not subject to monetary damages under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n.10 (1989). Further, Callihan is not entitled to monetary relief against the State of Kentucky as this request is barred by the Eleventh Amendment to the United States Constitution. See Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 472-73 (1987); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).
 
 
 7
 Callihan's remaining claims for relief are barred by the Tax Injunction Act, 28 U.S.C. Sec. 1341. Under the Act, a district court cannot enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law where a speedy and efficient remedy exists in the courts of that state. The Act is designed to prevent federal interference with the important local concern of the collection of taxes. See California v. Grace Brethren Church, 457 U.S. 393, 408-11 (1982); In re Gillis, 836 F.2d 1001, 1004 n.2 (6th Cir. 1988). The Act is applicable to Sec. 1983 actions challenging the validity of state tax systems. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981). As explained by the district court, Kentucky has an extensive system by which Callihan can appeal not only the sales tax assessment against his company, but also the ad valorem tax placed on his vehicle. Therefore, Callihan is simply not entitled to any relief.
 
 
 8
 Finally, Callihan contends that the district court judge was biased. The legal standard to establish judicial bias requires the facts to be such as to convince a reasonable person that bias exists. See United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). Callihan has presented no evidence, nor do the facts indicate, that the district court judge was biased against Callihan.
 
 
 9
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation