64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOUT, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Defendant,
Joseph Abramajtys; Judy Stahl; Daniel Rockey; D.
Dingeldey; T. Thiele; Sergeant Wilson; G. Williams,
Sergeant; Officer Hunnicutt; Johnnie Gerald; Officer
Stone; C. Masters, Defendants-Appellees.
 No. 95-1023.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1995.
 
 Before: KENNEDY, WELLFORD and SILER, Circuit Judges.
 
 ORDER
 
 1
 Harry Bout, a pro se Michigan prisoner, appeals a district court order granting the defendants' motion for summary judgment in his civil rights action, as amended, filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $3 million in damages and injunctive relief, Bout sued the defendant state officials and employees in their personal capacities for allegedly conspiring to violate his First, Eighth, and Fourteenth Amendment rights. He alleged that the defendants denied him access to the law library and telephone during weekday hours to prevent him from conducting his for-profit legal research business by classifying him as "unemployable," opened unspecified legal mail outside of his presence, required him to sign a log when he received legal mail, verbally threatened him with retaliation for his legal activities, and wrote false misconduct reports. In addition, he claimed that defendant Wilson (who is female) arbitrarily ordered him not to shower in her presence, and that defendant Masters improperly confiscated a personal law book. In a thorough, 32-page report, a magistrate judge recommended that the defendants' motion for summary judgment be granted after concluding that Bout's claims were either conclusory, unsupported by the record, or did not rise to the level of a constitutional violation. The district court conducted a de novo review which specifically responded to Bout's written objections. Nevertheless, the district court overruled those objections, adopted the magistrate judge's report, and granted the defendants' motion for summary judgment in an opinion and order filed on December 6 and entered on December 7, 1994.
 
 
 3
 On appeal, Bout argues that: (1) Michigan created a liberty/property interest for prisoners to own and operate businesses while incarcerated, (2) he was deprived of this state-created interest without due process of law, (3) his personal law book was taken pursuant to an established state procedure, (4) his law book was improperly taken without due process or just compensation, (5) the district court erroneously concluded that he had daily access to a shower, (6) the district court erroneously concluded that he had failed to establish a causal relationship between his lawsuit and his transfer, and (7) disputed facts preclude the grant of summary judgment for the defendants. He requests oral argument and the appointment of counsel in his brief.
 
 
 4
 As a preliminary matter, the appellees have filed a motion to dismiss Bout's appeal for lack of subject matter jurisdiction. The appellees' motion does not argue that Bout's notice of appeal was untimely or that he appealed from a nonappealable order. Instead, citing Hagans v. Lavine, 415 U.S. 528 (1974), it argues that Bout's claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," id. at 537, and are, thus, of insufficient substance to support federal jurisdiction. This court has held that the Hagans standard " 'is easily met--an arguably plausible claim must be allowed to proceed.' " In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (quoting Robbins v. Reagan, 780 F.2d 37, 43 (D.C.Cir.1985)), cert. denied, 488 U.S. 1006 (1989). Because the appellees' motion addresses the merits of Bout's appeal, it is actually a motion to affirm, which is not allowed by this court. Rule 8(a)(3), Rules of the Sixth Circuit. See, e.g., Smith v. Baird, No. 94-3790, 1994 WL 659246 (6th Cir. Nov. 22, 1994) (order); Bond v. Thornburgh, No. 89-6077, 1989 WL 149981 (6th Cir. Dec. 12, 1989) (order); Pritchett v. United States, No. 88-6264, 1989 WL 120630 (6th Cir. Oct. 13, 1989) (order); Perotti v. Seiter, No. 87-4089, 1988 WL 85234 (6th Cir. Aug. 17, 1988) (order). Accordingly, we deny the motion to dismiss.
 
 
 5
 Upon review, we affirm the district court's order. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir.1994). The district court properly granted summary judgment for the reasons stated in its opinion.
 
 
 6
 Accordingly, the appellees' motion to dismiss for lack of jurisdiction is denied. Bout's requests for oral argument and the appointment of counsel are denied. The district court's order, entered on December 7, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 WELLFORD, Circuit Judge, concurring:
 
 7
 This is a classic example of the kind of frivolous litigation filed by state prisoners that currently clog the federal courts. Plaintiff's pro se complaints engendered a thirty-six page response, thirty-four pages of affidavits, several opinions by two district judges, and a thirty-two page report and recommendation by a magistrate judge. In addition, three judges of this court and a staff attorney have reviewed a joint appendix of almost 300 pages, extensive memoranda, and approximately fifty-five pages of briefs. Though I concur fully in the granting of summary judgment, I decry the time, expense, work, and effort required by this collection of meritless claims. I shudder to think of the judicial resources devoted to resolving what is, in essence, a claim by a disgruntled prisoner who was unhappy because he was ordered to work or attend educational classes.