**Melvin BELL, Plaintiff,**

v.

**VETERANS ADMINISTRATION, Defendant.**

**Civil Action No. 3:96–CV–1861–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 31, 1996.

* Case Number 3:96–CV–0735–H.

Melvin Bell, Tyler, TX, Pro Se.

Stafford Hutchinson, Assistant United States Attorney, U.S. Attorney's Office, Department of Justice, Dallas, TX, for Defendant.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of defendant Veterans Administration to dismiss the complaint of plaintiff Melvin Bell ("Bell") for (1) insufficiency of process; (2) insufficiency of service of process; (3) improper venue; (4) lack of personal jurisdiction; or, alternatively, (5) lack of subject matter jurisdiction. For the reasons stated below, the court concludes that defendant's motion to dismiss the complaint for lack of subject matter jurisdiction must be GRANTED.

### I. BACKGROUND

On March 15, 1996, Bell, a resident of Tyler, Texas, filed suit in the Northern District of Texas against defendant Veterans Administration, Waco, Texas, alleging that he had been "deprived of pension payments." * On March 18, 1996, Judge Barefoot Sanders ordered Bell to amend his complaint to show that Bell had exhausted his administrative

remedies or face dismissal of his case. On March 26, 1996, Bell filed his first amended complaint. On March 27, 1996, Judge Sanders concluded that Bell had not provided proof that he had exhausted his administrative remedies and dismissed Bell's case without prejudice for lack of subject matter jurisdiction. Judge Sanders cited a case, *Hayden v. United States Department of Veterans Affairs*, No. 94–5013, 1994 WL 545373 (6th Cir. Oct. 5, 1994) (unpublished disposition), in his order of dismissal. The *Hayden* court concluded that the district court did not have subject matter jurisdiction over the plaintiff's claim for denial of veterans benefits, and it outlined the appropriate procedure for challenging the denial of such benefits. *Id.* Bell appealed Judge Sanders' ruling, but his appeal was eventually dismissed for want of prosecution.

On July 3, 1996, Bell filed this suit against the same defendant, Veterans Administration, Waco, Texas, alleging that Bell had been "deprived of payment relative to new and improved pension monthly pay." Complaint at 1.

## II. *ANALYSIS*

The Secretary of Veterans Affairs determines issues related to veterans benefits. 38 U.S.C. § 511(a). A veteran may appeal a decision regarding his or her benefits from the Secretary of Veterans Affairs to the Board of Veterans' Appeals. *Id.* § 7104(a). The Court of Veterans Appeals has exclusive jurisdiction to review rulings of the Board of Veterans' Appeals. *Id.* § 7252(a). The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the Court of Veterans Appeals. *Id.* §§ 7252(c); 7292. The judgment of the United States Court of Appeals for the Federal Circuit is subject to review by the United States Supreme Court by writ of certiorari. *Id.* § 7292(c).

It is apparent from the face of Bell's complaint that he is challenging a denial of veterans benefits by the defendant Veterans Administration. The district court, therefore, does not have jurisdiction over Bell's claim and must dismiss his complaint. See *Zuspann v. Brown*, 60 F.3d 1156, 1158–60 (5th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996); see also *Hall v. U.S. Department Veterans' Affairs*, 85 F.3d 532, 534–35 (11th Cir.1996); *Larrabee v. Derwinski*, 968 F.2d 1497, 1499–1501 (2d Cir.1992); *Hicks v. Veterans Administration*, 961 F.2d 1367, 1369–70 (8th Cir. 1992).

## III. *CONCLUSION*

For the reasons stated, defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is GRANTED. The clerk shall not file any future claims by Bell relating to entitlement to veterans benefits without written leave from the undersigned.

**SO ORDERED.**