United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 03-30500
Summary Calendar

———————————————

PAN-AMERICAN LIFE INSURANCE COMPANY,

Plaintiff-Appellant,

versus

KAREN BERGERON,

Defendant-Appellee.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(USDC No. CV02-1300-L-O)

———————————————————————

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Pan-American Life Insurance Company ("PanAm") appeals the district

court's grant of Defendant-Appellee, Karen Bergeron's ("Bergeron") Federal Rule of Civil Procedure

12(b)(1) ("Rule 12(b)(1)") motion to dismiss for lack of subject matter jurisdiction and alternative

motion for summary judgment dismissal of PanAm's action against Bergeron seeking repayment of

$34,935.36 that was paid to Bergeron for medical expenses under an ERISA plan in which PanAm

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleges it is an assignee.[1]  PanAm also appeals the district court's dismissal of its cross motion for summary judgment in which it sought a court order granting it a constructive trust and restitution requiring Bergeron to turn over to PanAm the amount of $34,935.36.

## DISCUSSION

I.     Statement of facts

Bergeron was involved in an automobile accident on or about May 8, 2000 in which she incurred injuries requiring medical treatment.  Her medical bills were paid in accordance with an ERISA health and welfare plan (the "Plan") for employees and dependants of Stric-Lan Companies Corporation.  The accident which caused the injuries was the fault of a third party tortfeasor who had procured insurance through Farm Bureau Insurance Companies ("Farm Bureau") with policy limits in the amount of $100,000 per person and $300,000 per accident.

In the latter part of 2001 Farm Bureau forwarded to Bergeron a $100,000 draft, which represented  the policy limit; along with settlement documents, as an offer to settle.  Begeron did not agree upon a settlement and has subsequently rejected the offer and returned the $100,000 draft. Under the Plan, $39,935.36 of Bergeron's medical expenses have been paid to date.  PanAm requested that $39,935.36 be paid to it out of the $100,000 that Bergeron received from Farm Bureau.

II.     Jurisdiction

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.  In re Topco, Inc., 894 F.2d 727, 734 (5th Cir. 1990).

---

[1] PanAm asserts that it is an assignee of the Plan, and is thus a "fiduciary" with respect to subrogation and reimbursement of the Plan and entitled to bring an action under 29 U.S.C. § 1132(a)(3).  The parties entered a stipulation as to this point, and the district court accepted the stipulation for purposes of this suit.

III.    Standard of Review

Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

This Court reviews a district court's dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) de novo.  Zephyr Aviation, L.L.C. v. Dailey, 247 F.3d 565, 570 (5th Cir. 2001). In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief.  Saraw Partnership v. United States, 67 F.3d 567, 569 (5th Cir. 1995), quoting Hobbs v. Hawkins, 968 F.2d 471, 475 (5th Cir. 1992).  A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Ynclan v. Department of the Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991), citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897 (1981).  The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Ramming v. United States, 281 F.3d 657, 659 (5th Cir. 1996).

IV.    Law and Analysis

As the district court noted, ERISA grants federal courts exclusive jurisdiction of civil actions under its title brought by a participant, beneficiary, or fiduciary and authorizes a civil action in federal court by any of these types of parties to (A) enjoin any act or practice which violates...the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of the terms of the plan.  29 U.S.C. § 1132(a)(3), (e)(1).

The Supreme Court, in Great-West Life and Annuity Insurance Company v. Knudson, 534

3

U.S. 204, 213 (2002), held that a plaintiff has a right to seek, under ERISA, "restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could be clearly traced to particular funds or property in the defendant's possession."   However, the Supreme Court in Knudson also recognized a distinction between restitution *in equity* and restitution *at law* and held that for a restitution action to lie *in equity*, the action must not seek to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession. 534 U.S. at 214.

This Court has required, in suits by fiduciaries seeking reimbursement of amounts paid by an ERISA plan for medical expenses resulting from third party fault where the imposition of a constructive trust over settlement proceeds received from the third party tortfeasor is requested,  that there be specifically identifiable funds in possession of the defendant over which such a trust may be imposed.  Bauhaus v. Copeland, 292 F.3d 439, 445 (5th Cir. 2002).

PanAm asserts that its action here satisfies the requirements of Knudson and Copeland because Bergeron possesses a $100,000 "negotiable instrument," the draft from Farm Bureau, and thus there exist traceable funds sufficient to trigger subject matter jurisdiction and preclude a Rule 12(b)(1) dismissal, and support its cross motion for summary judgment seeking a restitution order.

The district court, in granting Bergeron's  Rule 12(b)(1) motion to dismiss and denying PanAm's cross motion, held that there existed no "money or property identified as belonging in good conscience to [PanAm] which is clearly traceable to particular funds in [Bergeron's] possession." (citing Knudson, 534 U.S. at 213.)  The only thing that Bergeron possessed, the district court added, was an offer to settle, which had not been accepted.  The district court, citing this Court's decision in Copeland, 292 F.3d at 445, held that it was bound to grant dismissal because our decision in that

4

case required actual possession of settlement funds by a defendant in order for a court to exercise equitable jurisdiction under ERISA. Furthermore, Bergeron argues not only that the $100,000 draft fails to qualify as a negotiable instrument, but also that because she has rejected Farm Bureau's settlement and returned the draft, there never existed traceable funds sufficient to trigger subject matter jurisdiction.

A "negotiable instrument" is defined in Louisiana as "an unconditional promise or order to pay a fixed amount of money." La. R.S. 10:3-104. As both the district court and Begeron correctly point out, the acceptance by Bergeron of the $100,000 draft was conditioned upon her accepting it as full settlement of her claims. If she had cashed it or deposited it, she would have been held to have accepted the settlement offer from Farm Bureau and thus be precluded from bringing any future actions against the insured tortfeasor for any additional amount of damages she may have incurred as a result of the accident. Furthermore, even if the draft was a negotiable instrument and its possession would have triggered jurisdiction, the undisputed fact that Bergeron has returned it in rejection of the settlement offer clearly shows that she no longer possesses traceable funds sufficient to maintain subject matter jurisdiction. Bauhaus, 292 F.3d at 445. This fact is significant because the Supreme Court in Knudson, clearly restricted a federal court's jurisdiction in ERISA reimbursement actions to those in which a plaintiff seeks restitution *in equity,* and held that where there existed no identifiable funds that in good conscience belong to the plaintiff and which are traceable to being in possession of the defendant, a restitution action in such case would be "an action at law" thus precluding jurisdiction. 534 U.S. at 213-14. Therefore, because Bergeron no longer

5

possesses the draft, even if it were negotiable, jurisdiction here no longer exists.[2]

As the district court noted, PanAm is attempting to impose a trust on funds which had not been accepted, and in fact have been returned. This would clearly violate the Supreme Court's holding in Knudson and our holding in Bauhaus. Furthermore, because Bergeron does not possess identifiable and traceable funds, the action here does not qualify as one seeking equitable relief authorized under 29 U.S.C. § 1132(a)(3). Therefore, the district court was correct to grant Bergeron's Rule 12(b)(1) motion to dismiss, and deny PanAm's cross motion for summary judgment.

Because we conclude that the district court properly granted Bergeron's Rule 12(b)(1) motion to dismiss, we need not address whether the district court's alternative grant of Bergeron's motion for summary judgment dismissal was also correct.

## CONCLUSION

Because the $100,000 draft sent to Bergeron from Farm Bureau was not a "negotiable instrument," but rather an offer to settle, in that its acceptance was conditioned upon releasing the insured tortfeasor from future liability, and Bergerson rejected the offer and returned the draft, there existed no traceable funds in Bergeron's possession which would trigger jurisdiction for PanAm's restitution action under ERISA. Therefore, subject matter jurisdiction was lacking, and the decision of the district court dismissing PanAm's action pursuant to Rule 12(b)(1), as well as its denial of

---

[2] This conclusion is consistent with the Supreme Court's Knudson holding which stated in pertinent part:

> [W]here the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant. . . . [F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession. (internal citations omitted).

6

PanAm's cross motion for summary judgment, is affirmed.

AFFIRMED.