**Dee BAILEY, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant.**

**No. DC 6914–S.**

United States District Court, N. D. Mississippi, Delta Division.

May 11, 1970.

cision of the Secretary of Health, Education and Welfare reducing the amount of plaintiff's disability insurance benefits on account of his receipt of Workmen's Compensation, under 42 U.S.C.A. § 424a.

At the time of his injury, plaintiff was working for the City of Clarksdale on a garbage collecting crew. He worked at that job from October of 1963 until January 23, 1964 when his back and hip were injured by a fall on the bed of the truck.

Plaintiff received Workmen's Compensation benefits under the Mississippi Workmen's Compensation Law[1] from the date of his injury until August 17, 1966 at which time he was awarded a lump sum payment of $5,176.80.[2]

On April 26, 1967 plaintiff applied for disability insurance benefits under the provisions of Sections 216(i)[3] and 223[4] of the Social Security Act as amended, and after a hearing, he was awarded monthly disability insurance benefits in the amount of $81.40, which were increased to $92.00, effective February 1968.

On June 21, 1968 plaintiff received a letter from the Bureau advising him that an adjustment of his disability benefits had been computed. This adjustment resulted in a determination that plaintiff had been overpaid for the months of January—May 1968 in the amount of $195.00, based on corrected monthly benefits at the rate of $30.00 for January 1968 and $40.60 per month beginning February 1968.

Being dissatisfied with the offset action of the Bureau, plaintiff requested a hearing before a hearing examiner of the Bureau of Hearings and Appeals.

Plaintiff appeared at the hearing on October 29, 1968 accompanied by his attorney and on the basis of the evidence

H. M. Ray, U. S. Atty., Oxford, Miss., for plaintiff.

O'Gwen L. King, Coahoma Legal Aid Society, Clarksdale, Miss., Nancy Duff Levy, Center on Social Welfare Policy and Law, New York City, for defendant.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This suit was filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final de-

1. Sections 6998–01 et seq. Mississippi Code, 1942, Annotated, Recompiled, as amended (1953).

2. This payment was made pursuant to Section 6998–19, Mississippi Code, 1942, Annotated, Recompiled (1953).

3. 42 U.S.C.A. § 416(i).

4. 42 U.S.C.A. § 423.

of record the hearing examiner affirmed the Administration's determination.

On January 28, 1969, upon the denial of plaintiff's request for a review by the Appeals Council, he filed this action on March 28, 1969.

Plaintiff seeks reversal of the decision by the Secretary on three grounds: (1) That the decision is an erroneous application of Section 224 of the Social Security Act, as amended,[5] to the facts of plaintiff's case; (2) That Section 224 is unconstitutional as violative of the due process clause of the Fifth Amendment to the Constitution of the United States; and (3) That even if Section 224 is constitutional, the means used by the Secretary to recoup the amount of disability insurance benefits paid to plaintiff in the months of January through May of 1968 and to affect the remainder of plaintiff's benefits under Section 224 are invalid and contrary to the recovery provisions of the Social Security Act.[6]

On October 16, 1969 defendant, by and through his attorney, H. M. Ray, United States District Attorney for the Northern District of Mississippi, filed a motion for summary judgment. On January 12, 1970 plaintiff filed a cross motion for summary judgment. On February 26, 1970 a hearing was held on both of the said motions and subsequently taken under advisement by the Court. Excellent briefs have been submitted to the Court by both parties.

The function of this Court in a proceeding such as the case sub judice was clearly expressed by the Circuit Court of Appeals for the Fifth Circuit, in the case of Bridges v. Gardner,[7] where Judge Ainsworth said:

"The Social Security Act (42 U.S.C. § 405(g)) provides in part that 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.' In reviewing a Social Security Administration denial of benefits, a court

must not retry the case de novo and may not substitute its judgment for that of the Secretary, or make its own independent appraisal of the evidence. * * * The scope of review is limited, and if the examiner's findings are supported by substantial evidence, they are conclusive and are not to be reversed or modified by the courts. Substantial evidence is more than a mere scintilla, and means such relevant evidence as a reasonable mind might accept to support a conclusion.[8]

■ The Court is of the opinion that plaintiff's contention number three concerning the means by which the Secretary applied recovery provisions of the Social Security Act may not be considered by the Court at this time. This issue was not raised previously by plaintiff at any stage of the administrative proceedings under review and may not be raised for the first time in this Court.

The two issues before this Court for adjudication are plaintiff's contention number one, whether the provisions of Section 224 of the Act, 42 U.S.C. § 424a were properly applied to the facts of this case, and plaintiff's contention number two, whether Section 224 of the Act, 42 U.S.C. § 424a, satisfies the Due Process requirements of the United States Constitution.

The Court is of the opinion that plaintiff's contention that plaintiff is not a person to whom periodic Workmen's Compensation benefits are "payable" under 42 U.S.C. § 424a is not well taken. Plaintiff contends in his brief that the settlement award of $5,176.80, granted plaintiff on August 18, 1966 by the Workmen's Compensation Commission of Mississippi, was not such an award as may be regarded by the Bureau as having been awarded as a substitute for periodic payments under the provisions of Section 224(b), but was a *true* lump sum such as to exclude him from the provisions of Section 224(b) requiring

---

5. 42 U.S.C.A. § 424a(b).

6. 42 U.S.C.A. § 404.

7. 368 F.2d 86 (5 Cir. 1966).

8. Id. at 90.

offset. Section 224(b) of the Social Security Act, 42 U.S.C. § 424a(b) provides:

"If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section".

█ It is the opinion of the Court that the lump sum payment which plaintiff received on August 18, 1966 was a lump sum payment as a substitute for periodic payments and therefore falls within deduction provisions of 42 U.S.C. § 424a(b).

Plaintiff cites Miss.Code 1942, Ann. § 6998–15 in his brief in support of his contention that the lump sum award was not intended to serve as a substitute for peroidic payments. The applicable section is Miss.Code 1942 Ann., § 6998–19 which states:

"(a) Compensation under this act shall be paid periodically, promptly, in the usual manner, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer.

\*    \*    \*    \*    \*    \*

(j) Whenever the commission determines that it is for the best interests of a person entitled to compensation, the liability of the employer for compensation, or any part thereof as determined by the commission, may be discharged by the payment of a lump sum equal to the present value of future compensation payments computed, computed at four per centum

(4%) true discount compounded annually."

The thrust of this section of the Mississippi Code (§ 6998–19) is that every payment authorized under the Mississippi Workmen's Compensation Law must be paid periodically and every lump sum payment authorized by the Commission pursuant to Miss.Code 1942 Ann. § 6998–19(j) must be in substitute for the periodic payment.[9]

For this Court to adopt plaintiff's interpretation of "payable" as used in the Social Security Act would be tantamount to ignoring the purpose behind a lump sum payment. The lump sum payment is made in the best interest of the employee. Initially there is a determination as to the amount of the periodic benefits and then whether it is in the best interest of the employee that a lump sum payment be awarded as a substitute for the periodic benefits. However, the employee must first be eligible for benefits for a certain specified period of time. If this Court should allow an employee to collect a lump sum payment for his period of eligibility and then ignore the time period upon which the amount had been computed, the Court would be actively participating in a means by which recipients of Workmen's Compensation benefits could completely defeat the purpose of 42 U.S.C. § 424a(b).

This Court is of the opinion that the case sub judice is controlled by the case of Ladner v. Secretary of Health, Education and Welfare,[10] in which the United States District Court for the Southern District of Mississippi, speaking through District Judge Walter L. Nixon, allowed a reduction of Social Security disability insurance benefits upon determination that claimant was also receiving Workmen's Compensation benefits.

Claimant in the *Ladner* case contended that when a scheduled injury under Section 8(c) of the Longshoremen's and Harbor Workers' Compensation Act[11]

9. See, Armstrong Tire & Rubber Co. v. Franks, 242 Miss. 792, 137 So.2d 141, 145 (1962) and Moon & Sons v. Hood, 244 Miss. 564, 144 So.2d 782, 784 (1962).

10. 304 F.Supp. 474 (D.C.Miss.1969).

11. 33 U.S.C.A. § 908(c).

(in this case there was an award based on a permanent partial disability of claimant's leg) is established, the offset provision should not apply because the payments are for the loss of the use of claimant's right leg and would have been made regardless of any loss of earning power. In rejecting claimant's contention, Judge Nixon said:

"The language of section 224(a) (2) of the Social Security Act is clear. If an individual is entitled to "periodic benefits for total or partial disability (whether or not permanent)" "under a workmen's compensation law or plan of the United States or a State", then Social Security payments shall be reduced accordingly." [12]

Claimant in the *Ladner* case was awarded a lump sum payment and contended this award fell within the exclusion contained in Section 224(b). In overruling claimant's contention Judge Nixon cited the legislative purpose for excluding certain lump sum payments from the operation of the Social Security Act:

" 'Since in some workmen's compensation cases, workers incur medical, legal, or related expenses in connection with their workmen's compensation claims, or in connection with the injuries they have suffered, and since the workmen's compensation awards are generally understood to include compensation for these expenses (except to the extent that special provision is made in the award to cover them or they are provided without cost to the worker), for the purpose of this section the Secretary would not, in computing the amount of the periodic benefit payable to an individual under a workmen's compensation program, include any part of the workmen's compensation lump sum or benefit which he finds is equal to the amount of such expenses paid or incurred by the worker.' Senate Report No. 404, United States Code Congressional and Administrative News, 165, pp. 2200, 2201." [13]

For the reasons above given the Court holds that the lump sum payment received by plaintiff must be regarded as a substitute for periodic payments and the Secretary properly invoked the offset for that period of time represented by the lump sum award.

The Court is of the opinion that plaintiff's allegation number two is not well taken and must be rejected.

In the case of Flemming v. Nestor,[14] the United States Supreme Court said:

"The interest of a covered employee under the Act is of sufficient substance to fall within the protection from arbitrary governmental action afforded by the Due Process Clause. In judging the permissibility of the cut-off provisions of § 202(n) from this standpoint, it is not within our authority to determine whether the Congressional judgment expressed in that section is sound or equitable, or whether it comports well or ill with the purposes of the Act. 'Whether wisdom or unwisdom resides in the scheme of benefits set forth in Title II, it is not for us to say. The answer to such inquiries must come from Congress, not the courts. Our concern here, as often, is with power, not with wisdom.' Helvering v. Davis, supra (301 U.S. 619 at 644, 57 S.Ct. 904 at 910, 81 L.Ed. 1307). Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." [15]

12. Id. at 476, 477.

13. Id. at 477.

14. 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), reh. denied, 364 U.S. 854, 81 S.Ct. 29, 5 L.Ed.2d 77 (1960).

15. 363 U.S. at 611, 80 S.Ct. at 1373, 4 L.Ed.2d at 1444–1445.

So it is from these guidelines that the Court must seek to make a decision. The United States Supreme Court has made it clear that the question of whether Congress selected the best means in which to accomplish the purpose is not a question to be determined by the courts but must be determined by the legislative branch.

Plaintiff contends 42 U.S.C. § 424a(b) violates the Due Process Clause. The Supreme Court says "that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." This section of the Social Security Act is clearly not representative of a patently arbitrary classification utterly lacking in rational justification.

Plaintiff cites the Social Security Handbook, Section 100, where the Secretary states that the purpose of the disability insurance program is to keep "individuals and families from becoming destitute due to loss of earnings". This Court fails to see how the denial of double benefits for one injury will render a claimant destitute. Congress has set a certain amount to be awarded to every individual who qualifies under the Social Security Act and has chosen to deny double benefits to a claimant just because he was injured in the course of his employment and qualifies for benefits under a State's Workmen's Compensation law. It is obvious to the Court that not only is this classification not a "patently arbitrary classification, utterly lacking in rational justification" but this classification exemplifies a very rational classification.

For these reasons this Court holds that defendant's motion for summary judgment should be sustained and plaintiff's cross motion for summary judgment should be overruled.

An appropriate order will be entered.