Nellie POHLMEYER, Plaintiff–Appellee,

v.

**SECRETARY OF HEALTH AND HU-
MAN SERVICES,**
Defendant–Appellant.

No. 90–3639.

United States Court of Appeals,
Sixth Circuit.

Argued April 1, 1991.

Decided April 30, 1991.

James Roy Williams (argued), Young &
Reverman Co., Cincinnati, Ohio, for plain-
tiff-appellee.

Anne K. Kleinman (argued), Richard A.
Urbin, Dept. of Health and Human Servic-
es, Office of the Gen. Counsel, Region V,
Chicago, Ill., for defendant-appellant.

Before KENNEDY and JONES, Circuit
Judges, and FORESTER, District Judge.*

PER CURIAM.

The Secretary of Health and Human Ser-
vices ("Secretary") appeals the District
Court's judgment granting relief to the
claimant Nellie Pohlmeyer pursuant to
Pohlmeyer's motion under Federal Rule of
Civil Procedure 60(b) to alter an earlier
District Court decision. In the new judg-
ment the District Court ordered the Secre-
tary to recompute the amount of Pohlmey-
er's disability benefits. The issue present-
ed on appeal is whether the District Court
had jurisdiction to review the Secretary's
determination of the amount of Pohlmey-
er's disability benefits, where Pohlmeyer
failed to seek administrative review of the
benefit amount determination. This
amount was determined after an earlier
District Court decision on the issue of dis-
ability. We find that the District Court
lacked jurisdiction to consider Pohlmeyer's
claim, and therefore REVERSE the judg-
ment of the District Court.

I.

Nellie Pohlmeyer filed an application for
Social Security disability benefits in May

---

* The Honorable Karl S. Forester, United States
District Judge for the Eastern District of Ken-
tucky, sitting by designation.

1981. On July 9, 1986, following a lengthy series of administrative decisions, the District Court found Pohlmeyer to be disabled due to statutory blindness, with an onset date of April 1, 1981. That determination is not at issue here.

On September 14, 1986, Pohlmeyer was issued an Award Certificate by the Secretary. This Award Certificate indicated the Secretary's determination of the amount of Pohlmeyer's benefits. This calculation included a reduction in Pohlmeyer's potential benefits due to the offset provision of 42 U.S.C. § 424a(a). That offset provision operates to reduce the amount of Social Security benefits due to individuals who receive certain disability-related pension benefits under a state plan. Pohlmeyer was receiving disability benefits under the Ohio Public Employee Retirement System, a type of state disability benefits covered by section 424a(a). The Award Certificate, a copy of which was sent to Pohlmeyer's attorney, notified Pohlmeyer that she had 60 days to request reconsideration of the agency's determination regarding the amount of her benefits. Pohlmeyer did not seek reconsideration of the Secretary's benefit amount determination.[1]

On May 16, 1989, more than two and one-half years after receiving the Award Certificate, Pohlmeyer first challenged the Secretary's benefit amount determination by filing a motion in the District Court pursuant to Federal Rule of Civil Procedure 60. The "final judgment, order, or proceeding" from which relief was being sought under Rule 60(b) was the District Court's decision in July 1986, finding Pohlmeyer to be disabled. However, that earlier judgment contained no decision regarding benefit amounts. Indeed, the only decision regarding benefit amounts was made by the Secretary following the District Court's determination regarding disability. Specifically, Pohlmeyer's Rule 60 motion asked the District Court to apply the holding in *Dunkin v. Secretary of Health and Human Services*, No. C1–85–1801 (S.D. Ohio, June 24, 1987), and to order the Secretary to recompute the amount of her benefits without a statutory offset. In *Dunkin*, the claimant who had disputed the Secretary's offset decision by pursuing his administrative and judicial remedies, obtained a judgment that the offset provision was not properly applied by the Secretary in his case. Through oversight or inadvertence, the Secretary failed to respond to Pohlmeyer's Rule 60 motion.

On October 20, 1989,[2] the District Court granted Pohlmeyer's Rule 60 motion, "reopened" the earlier case which dealt with the question of disability, and rendered a judgment ordering the Secretary to adjust the amount of Pohlmeyer's benefits in accordance with the decision in *Dunkin*. The District Court also noted that, pursuant to local rules, failure to oppose a motion may be grounds for granting it and that the Secretary's failure to oppose Pohlmeyer's Rule 60 motion provided additional support for granting it.

The Secretary filed a timely notice of appeal from the District Court's order. Subsequent to filing that appeal the Secretary filed a motion under Federal Rule of Civil Procedure 59(e) requesting the District Court to reconsider its October 20, 1989 order. The Secretary argued that Pohlmeyer had failed to exhaust her administrative remedies regarding the benefit amount determination, that the Rule 60 motion was untimely, and that *Dunkin* was inapplicable to this case, which was finalized well before *Dunkin* was decided. The Secretary then voluntarily dismissed its appeal to this Court so that the District

---

**1.** Pohlmeyer seems to have understood the offset issue and that her disability benefits were affected. On July 11, 1986, two days after the District Court held that she was disabled with an onset date of April 1, 1981, Pohlmeyer asked the court to amend the judgment to find that she had become disabled on January 1, 1981. Apparently, Pohlmeyer asked the District Court to amend the onset date in order to avoid the effect of the statutory offset provision, 42 U.S.C. § 424a(a), which was applicable to persons who became disabled after February 1981. The District Court denied Pohlmeyer's motion.

**2.** The decision was actually made on August 17, 1989, although judgment was not entered until October 20, 1989. The District Court made this clear in an order of May 1, 1990.

Court would have jurisdiction to consider the Rule 59(e) motion to alter or amend judgment. On May 1, 1990, the District Court denied the Secretary's Rule 59(e) motion, concluding that the Secretary had not provided a satisfactory explanation for failing to respond to Pohlmeyer's Rule 60 motion in a timely manner. The court did not discuss or even mention the various grounds asserted by the Secretary for altering or amending the District Court's October 20, 1989 order. The Secretary timely filed this appeal.

## II.

The Secretary contends, inter alia, that the District Court did not have subject matter jurisdiction to review the Secretary's benefit amount determination of September 14, 1986. The standard of review on the issue of subject matter jurisdiction is *de novo* review. In the case of disputes involving the Social Security Act ("Act"), Congress has authorized judicial review pursuant to 42 U.S.C. § 405(g), which provides in relevant part that

> [a]ny individual, after any *final* decision of the Secretary made *after a hearing* to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. (Emphasis added).

Furthermore, 42 U.S.C. § 405(h) provides in part that "[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

■ The Secretary correctly points out that two elements are necessary to establish federal court jurisdiction to review decisions of the Secretary. First, a claimant must exhaust his administrative remedies and, second, the Secretary must issue a final decision. *See Matthews v. Eldridge*, 424 U.S. 319, 327–29, 96 S.Ct. 893, 899–900, 47 L.Ed.2d 18 (1976). Although the Secretary may waive the exhaustion requirement, the Secretary did not do so in this case. The Supreme Court has indicated that under section 405(g) the power to determine when finality has occurred, and judicial review is allowed, ordinarily rests with the Secretary. *Id.* at 330, 96 S.Ct. at 900; *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). Therefore, the Secretary may specify such requirements for exhaustion as he deems necessary for the effective and efficient administration of the program. *Salfi*, 422 U.S. at 766, 95 S.Ct. at 2467.

■ Pursuant to this broad grant of authority, the Secretary promulgated regulations that explain the procedures the agency will follow in determining rights under the Act, describe the process of administrative review, and provide for a claimant's right to judicial review after all necessary administrative steps have been taken. *See* 20 C.F.R. §§ 404.900 *et seq.* (1990).[3] The regulations at 20 C.F.R. §§ 404.900(a)(1)–(4) describe the four steps of the administrative review process: "Initial determination"; "Reconsideration"; "Hearing before an administrative law judge"; and "Appeals Council review." The regulation at 20 C.F.R. § 404.902 lists a number of administrative actions that are "initial determinations" subject to administrative and then judicial review. This list clearly states that a determination about "[t]he amount of your benefit" is an "initial determination." 20 C.F.R. § 404.902(c). The regulations also very clearly state that "[w]hen you have completed the steps of the administrative review process ..., we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review...." 20 C.F.R. § 404.900(a)(5). Finally, the regulations warn that "[i]f you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review...." 20 C.F.R. § 404.900(b).

In this case, the Secretary's September 14, 1986 benefit amount determination was

---

**3.** The applicable regulations are unchanged from those in effect in 1986 when Pohlmeyer and her counsel were informed of the Secretary's benefit amount determination.

an "initial determination" subject to administrative and judicial review. When Ms. Pohlmeyer failed to seek reconsideration of that determination within the specified 60 days, the initial determination became binding pursuant to 20 C.F.R. § 404.905. While it is "binding," the unappealed benefits calculation is not a "final decision after a hearing" subject to judicial review under 42 U.S.C. § 405(g). Because the Secretary has not waived the jurisdictional exhaustion requirement, Pohlmeyer has failed to establish a right to judicial review of the Secretary's benefit amount calculation. Consequently, the District Court lacked jurisdiction to review the Secretary's benefit amount determination in the process of ostensibly "reopening" the court's earlier judgment on the question of disability. *See also Bartley v. Finch*, 311 F.Supp. 876, 878 (E.D.Ky.1970), *aff'd*, 404 U.S. 980, 92 S.Ct. 442, 30 L.Ed.2d 364 (1971) (no jurisdiction to consider challenge to Secretary's benefit determination under 42 U.S.C. § 424a without having exhausted administrative remedies); *Bailey v. Finch*, 312 F.Supp. 918, 920 (N.D.Miss.1970) (same).

### III.

Accordingly, the judgment of the District Court is REVERSED and the action is REMANDED to the District Court with instructions to dismiss the Rule 60(b) motion for lack of jurisdiction.