7 F.3d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Dean YOST, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5321.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Danny Dean Yost, a pro se prisoner and social security claimant, appeals a district court judgment dismissing his complaint which was construed as filed against the Secretary, and which challenged the denial of social security benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 By way of background, the Secretary sent Yost a notice on November 28, 1989, indicating that he was not entitled to disability benefits. In a notice dated December 7, 1989, the Secretary sent Yost another notice that his application for retirement benefits had been approved, but that he was not due any monthly benefits because of his incarceration for a felony. There is no indication that any action was taken administratively by the Secretary on Yost's disability claim after these notices were sent until August 1992. The Secretary then sent Yost a notice dated August 26, 1992, reaffirming its November 28, 1989, decision denying disability benefits. Yost was notified that he would be permitted to file for reconsideration within sixty days of this notice, which he did. After he filed for reconsideration, he also filed a hearing request before an administrative law judge (ALJ). A hearing was scheduled but there is no indication that a hearing decision has been issued by the Secretary.
 
 
 3
 After Yost received his November and December 1989 notices from the Secretary, he sought judicial review of the Secretary's decision that he was not entitled to social security benefits pursuant to 42 U.S.C. § 402(x)(1) because he was incarcerated for committing a felony. The district court dismissed his case, and the United States Court of Appeals affirmed. He commenced another action essentially raising the same claims in another United States District Court which again dismissed his case.
 
 
 4
 In his third and current lawsuit which is the subject of this appeal, Yost claims that he is entitled to disability insurance benefits despite the fact that he is incarcerated for committing a felony. The Secretary filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2), (3), (6), (7), and based on grounds of res judicata, which was granted by the district court.
 
 
 5
 Yost has filed a timely appeal arguing that his case is not barred by res judicata because his current lawsuit deals with his claim for disability insurance benefits, while his other two lawsuits dealt with his claim for retirement benefits. He requests oral argument. He has filed a motion for the appointment of counsel and to proceed as a pauper.
 
 
 6
 After de novo review, we conclude that the district court properly dismissed Yost's lawsuit as it lacked subject matter jurisdiction to review his case, because Yost failed to exhaust his administrative remedies before filing his current action, and the Secretary has not issued a final decision in this case. Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir.1991) (per curiam).
 
 
 7
 Even if Yost had exhausted his administrative remedies and the Secretary had issued a final decision, his complaint would also be subject to dismissal based on the doctrine of res judicata. A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986).
 
 
 8
 Accordingly, we grant Yost pauper status, deny all other forms of relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.