16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ernest COLLINS, Plaintiff-Appellant,
v.
G/H CONTRACTING COMPANY; Upjohn Security Division; Local
Union Hall 640; Brand Industrial Services, Inc.;
the Upjohn Company, Defendants-Appellees.
 No. 93-1988.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1994.
 
 Before: MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ernest Collins, a pro se plaintiff, appeals a district court judgment dismissing his complaint that had alleged wrongful termination of employment with Brand Industrial Services. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brand Industrial Services apparently terminated Collins from his employment after Collins allegedly changed the date on his certification card as a licensed asbestos and pipe installer. Although Collins listed Upjohn, Upjohn Security and Local Union Hall 640 in the caption of the complaint, he did not mention these defendants in the body of the complaint. Collins also failed to set forth any facts in his complaint to establish either federal question or diversity jurisdiction pursuant to 28 U.S.C. Secs. 1331 or 1332. Collins also failed to provide defendant Brand with a copy of the complaint at the time the summons was served. After Collins initially failed to respond to Upjohn's and Brand's motions to dismiss, the district court gave plaintiff additional time to file a response. Collins then filed a response, but he failed to address the defects in his complaint noted in the defendants' motions to dismiss.
 
 
 3
 In an order and opinion dated May 28, 1993, the district court granted Upjohn's and Brand's motions to dismiss pursuant to Fed.R.Civ.P. 4(a), 12(b)(1) and 12(b)(6). On June 24, 1993, the district court dismissed the lawsuit as to all the remaining defendants. On appeal, Collins continues to argue that he was wrongfully discharged from his employment. He has filed a motion to proceed as a pauper and for the appointment of counsel.
 
 
 4
 Upon de novo review, we conclude that the district court properly dismissed Collins's complaint. See Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir.1991) (per curiam); Hilliard v. United States Postal Serv., 814 F.2d 325, 326 (6th Cir.1987). Collins has made no jurisdictional allegations and has not set forth any factual basis for federal court jurisdiction. Furthermore, Collins did not provide defendant Brand with a copy of the complaint with his service of the summons. See Fed.R.Civ.P. 4(a).
 
 
 5
 Accordingly, we deny all pending motions and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.