41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry THOMAS, Plaintiff-Appellant,
v.
MICHIGAN STATE BOARD OF LAW EXAMINERS; Michael F. Cavanagh,
Chief Justice; Dennis Donohue; Jeanette Paskin,
Defendants-Appellees.
 No. 94-1346.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Terry Thomas, a pro se Michigan resident, appeals a district court judgment which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Thomas sued the Michigan Board of Law Examiners (Board), the Chief Judge of the Michigan Supreme Court (Cavanagh), the Assistant Secretary of the Board (Donohue) and the Chairperson of the Board at the time Thomas filed his lawsuit (Paskin). Thomas did not state the capacity in which he was suing the defendants. Thomas's challenge is based on the defendants' refusal to admit Thomas to the Michigan state bar and their alleged violation of Michigan's Freedom of Information Act. See Mich.Comp.Laws Sec. 15.231. Thomas sought $700,000.00 in damages and immediate admission to the Michigan state bar.
 
 
 4
 Three of the defendants (Board, Cavanagh and Donohue) filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and for sanctions. It appears that defendant Paskin never answered the complaint. In a bench opinion issued after oral argument on the motion to dismiss, the district court granted defendants' motion to dismiss but denied their motion for sanctions. Thomas subsequently filed a motion for default judgment against defendant Paskin, which was entered by the district court clerk on November 19, 1993. Thomas then filed a motion for reconsideration. After a hearing, the district court denied Thomas's motion for reconsideration, set aside its default judgment against defendant Paskin, dismissed the case against Paskin, and held the issue of sanctions in abeyance.
 
 
 5
 On appeal, Thomas makes numerous arguments challenging the district court's finding that the defendants are entitled to judicial immunity. Thomas has filed a motion for immediate consideration of his appeal. We note that for the first time on appeal, Thomas argues that the district court judge was partial. This court normally will not address an issue not raised first in the district court, and no exceptional circumstances exist that would warrant our consideration of this issue. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 6
 This court's review of a district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(1) is de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991); Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir.1991) (per curiam). The district court lacked subject matter jurisdiction over Thomas's claims because a federal district court does not have jurisdiction to review a final determination or decision of the Michigan Supreme Court, the body that ultimately denied Thomas's application for admission to the bar. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Review of such a decision lies only with the United States Supreme Court. Id.
 
 
 7
 Thomas's lawsuit against the Board and state "officials" is essentially a suit against the State of Michigan, which is barred by the Eleventh Amendment because these defendants did not consent to being sued. See Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 472-73 (1987). We also note that Thomas did not state the capacity in which he was suing the individual state defendants. They are therefore considered as sued in their official capacities, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and are not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 8
 We note that dismissal was also proper as to the individual state defendants because actions taken by the Board and its members in denying an application for admission to the state bar are judicial acts shielded absolute immunity. Sparks v. Character and Fitness Comm., 859 F.2d 428, 430-31 (6th Cir.1988), cert. denied, 489 U.S. 1011 (1989). The individual state defendants are absolutely immune from a civil rights action for damages.
 
 
 9
 Lastly, we conclude that the district court did not abuse its discretion in setting aside its default judgment against defendant Paskin, since she had not been properly served with the summons and complaint. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 843 (6th Cir.1983).
 
 
 10
 Accordingly, we deny Thomas's motion for miscellaneous relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation