51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard M. HIRSCHFELD, Petitioner-Appellant,
v.
Daniel DOVE, Warden of Federal Prison Camp, Ashland,
Kentucky, Respondent-Appellee.
 No. 94-6210.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 Before: MILBURN and NELSON, Circuit Judges, and JOINER, Circuit Judge.*
 
 ORDER
 
 1
 Richard Hirschfeld, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial in the United States District Court for the Eastern District of Virginia, Hirschfeld was found guilty of conspiracy to defraud the United States by attempting to create a false and fraudulent tax deduction, conspiracy to defraud the United States by impairing the functions of the Securities and Exchange Commission in the administration of its regulatory functions, and aiding and assisting in the preparation and presentation to the Internal Revenue Service of a false and fraudulent tax return for 1984. Hirschfeld was sentenced to a term of three years in prison on each count, with one term to run consecutively to the two concurrent terms, for a total of six years imprisonment. His conviction was upheld on appeal. See United States v. Hirschfeld, 964 F.2d 318 (4th Cir.1992), cert. denied, 113 S.Ct. 1067 (1993).
 
 
 3
 While serving his sentence at the Federal Prison Camp in Ashland, Kentucky, Hirschfeld filed a habeas corpus petition pursuant to 28 U.S.C. Sec. 2241 arguing that he was being confined unlawfully because the trial court did not have jurisdiction over the charges alleged in counts two and three of the indictment. Hirschfeld also alleged that the two allegedly invalid counts of the indictment, together with the vague and insufficient jury instructions given at his trial, unduly prejudiced him in defending his case against the charge in count one of the indictment. The district court dismissed Hirschfeld's habeas corpus petition without prejudice on the ground that he should have filed a motion to vacate his sentence under 28 U.S.C. Sec. 2255 rather than a habeas corpus petition under 28 U.S.C. Sec. 2241.
 
 
 4
 On appeal, Hirschfeld continues to argue that his proper course of action is a petition for a writ of habeas corpus in the Kentucky federal district court.
 
 
 5
 Upon de novo review, we conclude that the district court properly dismissed Hirschfeld's habeas corpus action for lack of jurisdiction. See Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991); Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir.1991) (per curiam).
 
 
 6
 Hirschfeld improperly sought to challenge his conviction and sentence in a habeas corpus petition under 28 U.S.C. Sec. 2241 in a court other than the one that convicted and sentenced him. Petitioner may only challenge his conviction and sentence in a 28 U.S.C. Sec. 2255 motion to vacate sentence in the court that imposed his conviction and sentence. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Petitioner has not demonstrated that filing a Sec. 2255 motion to vacate in the sentencing court would be inadequate or ineffective to test the legality of his detention. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.1986) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation