**Sanford I. ATKIN, Plaintiff,**

v.

**Trudy A. LEWIS, Assistant Regional Commissioner of Social Security, et al., Defendants.**

**No. 5:02CV 57.**

United States District Court, N.D. Ohio, Eastern Division.

Aug. 13, 2002.

Sanford I. Atkin, Twinsburg, OH, pro se.

Michael Anne Johnson, Office of U.S. Atty., Cleveland, OH, for defendants.

*MEMORANDUM OPINION AND ORDER*

LIMBERT, United States Magistrate Judge.

The instant case is before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction. *See* ECF Dkt. # 24. For the following reasons, the Court DISMISSES and REMANDS the instant case back to the Defendants. *See* ECF Dkt. # 1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2001, Plaintiff, *pro-se*, Sanford I. Atkin (Plaintiff) filed a complaint pursuant to 42 U.S.C. § 405(g) against Trudy Lewis, Assistant Regional Commissioner of Social Security Administration, Jane Doe, an unknown official at the Social Security Administration, and the Social Security Administration (Defendants). *See* ECF Dkt. # 1. Plaintiff avers that since 1994 he has been entitled to federal old-age and survivors insurance

772

benefit payments under 42 U.S.C. §§ 401–434 (old-age benefits). *See id.* at ¶ 2. Plaintiff further alleges that on or about June 25, 1995, he applied to receive old-age benefits, and that he began to receive old-age benefits in July, 1995. *See id.* at ¶ 7. Plaintiff then alleges that in early 1996 the Defendants suspended his old-age benefits effective November, 1995, without providing a notice or an opportunity for a hearing. *See id.* at ¶ 8.[1] On March 16, 2000, Plaintiff contends that he requested Defendants personally and in writing to reinstate his old-age benefits. *See id.* at ¶ 9. At the same time that Plaintiff admits that Defendants reinstated his old-age benefits on April 1, 2000, he also maintains that Defendants notified him that he owed Defendants for an overpayment of old-age benefits along with a medicare premium. *See id.* at ¶ 10.

According to Plaintiff, Defendants notified him again in a notice of reconsideration dated December 21, 2000 that he still owed Defendants for an overpayment of old-age benefits. *See* ECF Dkt. # 1 at ¶ 11. Defendants' notice of reconsideration did contain a request for hearing provision, which stated as follows, "If you believe that the reconsideration determination is not correct, you may request a hearing before an Administrative Law Judge of the Office of Hearings and Appeals. If you want a hearing, you must request it not later than 60 days from the date you receive this notice. You should make your request through any Social Security office." ECF Dkt. # 24, exhibit 1.

Plaintiff avers that he filed a timely notice of appeal with Defendants within the 60 day time frame provided for in the notice of reconsideration. *See* ECF Dkt. # 1 at ¶¶ 12, 13. Plaintiff contends that Defendants never scheduled a hearing to consider his appeal of the Defendants' overpayment determination. *See id.* at ¶ 18.[2] Defendants responded by filing a motion for more definite statement which specifically requested that Plaintiff provide Defendants with his social security number and copies of documents referred to in his complaint. *See* ECF Dkt. 16.[3]

On June 24, 2002, in response to Defendants' motion for more definite statement, the Court ordered Plaintiff to provide said information to Defendants within sixty days. *See* ECF Dkt. # 17. Additionally, the Court gave Defendants an additional thirty days to answer or otherwise plead to Plaintiff's complaint. *See id.* The Court specifically ordered that Defendants' thirty day extension of time to answer or otherwise plead to Plaintiff's complaint began to run on the date Plaintiff provided Defendants with his social security number and documents that were referenced in his complaint. *See id.* Plaintiff provided said information to Defendants on July 2, 2002. *See* ECF Dkt. # 18. Thus, pursuant to the Court's order regarding Defendants' motion for a more definite statement, Defendants had up to and including August 2, 2002 to answer or otherwise plead to Plaintiff's complaint.

On July 18, 2002, Defendants filed a motion to stay discovery and status report.

---

1. Defendants apparently suspended Plaintiff's old-age benefits because they discovered in early 1996 that Plaintiff was incarcerated in a federal prison. *See* ECF Dkt. # 24, exhibit 2.

2. In a nebulous paragraph within his complaint, Plaintiff contends that his old-age benefits were suspended again in September and December, 2001 by Defendants. *See* ECF Dkt. # 1 at ¶ 16. Plaintiff did not state wheth-

er these alleged subsequent suspensions of old-age benefits were put into effect to compensate Defendants for the alleged prior overpayment of old-age benefits to Plaintiff. *See id.*

3. On April 30, 2002, the parties consented to the jurisdiction of the undersigned. *See* ECF Dkt. # 15.

*See* ECF Dkt. # 19. On July 29, 2002, clearly within compliance of the Court's previous order, Defendants pled to Plaintiff's complaint by filing a motion to dismiss for lack of subject matter jurisdiction. *See* ECF Dkt. # 24. Defendants essentially argue pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure that the Court lacks subject matter jurisdiction over the Plaintiff's complaint because he failed to exhaust administrative remedies. *See id.* In addition, Defendants filed a declaration of a program expert within the Social Security Administration wherein that individual admitted that Plaintiff's hearing request was "unprocessed." *Id.*, exhibit 3. Further, the program expert for Defendants declared that Plaintiff's hearing request was lost, and that the follow-up done by the local Social Security field office was inadvertently overlooked. *See id.* Lastly, the program expert stated that he sent Plaintiff's hearing request to the Social Security Administration's Office of Hearings and Appeals in Cleveland, Ohio on July 19, 2002, along with a request for an expedited hearing. *See id.*

Defendants' motion to dismiss prompted Plaintiff to file a battery of motions and memoranda, including a motion to compel discovery (ECF Dkt. # 20), a brief in opposition to Defendants' motion to dismiss (ECF Dkt. # 21), a motion for sanctions (ECF Dkt. # 22), and a motion for default judgment (ECF Dkt. # 23). Defendants responded by filing a motion for extension of time to respond to Plaintiff's litany of motions. *See* ECF Dkt. # 25.

## II. LAW AND ANALYSIS

Plaintiff's complaint contains two distinct causes of action. *See* ECF Dkt. # 1.

Plaintiff's first cause of action centers around his claim for old-age benefits, and the Defendants' alleged wrongful suspension of those benefits and their attempts to recover overpayment of those benefits. *See id.* In Plaintiff's second cause of action, he avers that Defendants failed to provide him with a statutory mandated hearing even though he properly requested such hearing after receiving a notice of reconsideration affirming the Defendants' overpayment determination. *See id.* at ¶ 12, 13. Plaintiff's second cause of action states a claim for a procedural due process violation. *See id.*

In their motion to dismiss, Defendants assert that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies. *See* ECF Dkt. # 24. However, in an attached declaration, Defendants admit that Plaintiff's hearing request was "unprocessed", *i.e.* it was initially forwarded to a service center and then misplaced, and that a follow-up investigation was "inadvertently overlooked." *See id.*, exhibit 3.

Two elements are necessary to establish federal court jurisdiction to review decisions of the Commissioner of Social Security. *See infra.* First, a claimant must exhaust his administrative remedies and, second, the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir.1991)(citing *Mathews v. Eldridge*, 424 U.S. 319, 327–29, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). A Commissioner issues a final decision after a hearing.[4]

---

**4.** "Any individual, *after any final decision of the Commissioner of Social Security made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g)(emphasis added).

District courts also have jurisdiction to entertain constitutional claims of deprivation of property without due process, regardless of whether jurisdiction existed under a statute permitting civil actions to review decisions of the Commissioner. *See Harper v. Secretary of Health and Human Services*, 978 F.2d 260, 262 (6th Cir.1992). Based upon the guidance provided by the Sixth Circuit, the Court finds that it has jurisdiction over Plaintiff's procedural due process claim contained within his complaint, regardless of whether jurisdiction exists to entertain Plaintiff's claim for old-age benefits. *See* ECF Dkt. # 1. Defendants admit that they did not properly afford Plaintiff a hearing pursuant to 42 U.S.C. § 405. *See* ECF Dkt. # 24, exhibit 3. Thus, to remedy Defendant's technical due process violation, the Court ORDERS Defendants to give Plaintiff a hearing before an Administrative Law Judge pursuant to 42 U.S.C. § 405 on the allegations contained within Plaintiff's complaint within the next ninety (90) days or no later than November 11, 2002. *See* ECF Dkt. # 1. Based upon this order, the Court GRANTS Defendants' motion to dismiss Plaintiff's complaint on the limited grounds stated above and REMANDS the instant case to Defendants to conduct proceedings consistent with this opinion and order. *See* ECF Dkt. # 24.

In addition to Plaintiff's complaint and Defendants' motion to dismiss, the parties have filed a plethora of motions and responses. The Court disposes of all the outstanding motions *seriatim*. First, Defendants' motion to stay discovery is hereby DENIED on mootness grounds because the instant case is being dismissed and remanded to Defendants for further proceedings. *See* ECF Dkt. # 19. Second, Plaintiff's motion to compel discovery is also hereby DENIED on mootness grounds because the instant case is being dismissed and remanded to Defendants for further proceedings. *See* ECF Dkt. # 20. Third, Plaintiff's motion for sanctions is hereby DENIED because Plaintiff failed to follow the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See* ECF Dkt. # 22.[5] Also, Plaintiff's motion for sanctions is hereby DENIED because Defendants' responsive pleading is not a fraudulent pleading. *See id.* Defendants' responsive pleading contains an admission that Plaintiff's hearing request was not properly processed, and a declaration that they will provide Plaintiff with such hearing. *See id., and* ECF Dkt. # 24. Fourth, Plaintiff's motion for default judgment is hereby DENIED because Defendants clearly filed their responsive pleading within the time requirements set out in a prior order of this Court. *See* ECF Dkt. # 23. Lastly, Defendants' motion for an extension of time to respond to Plaintiff's motions for sanctions and default judgment is hereby DENIED on mootness grounds because the instant case is being dismissed and remanded to Defendants for further proceedings. *See* ECF Dkt. # 25.

## III. CONCLUSION

Based upon the foregoing, the Court ORDERS Defendants to give Plaintiff a hearing before an Administrative Law

---

**5.** Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure provides, in part, that a motion under this section, "...shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." *Id.* Plaintiff served *and filed* this motion on August 1, 2002. *See* ECF Dkt. # 22(emphasis added). Plaintiff should not have filed this motion until August 22, 2002, and thus he violated Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure when he served and filed the motion on August 1, 2002. *See id.*

Judge pursuant to 42 U.S.C. § 405 on the allegations contained within Plaintiff's complaint within the next ninety (90) days or no later than November 11, 2002. *See* ECF Dkt. # 1. Based upon this order, the Court hereby GRANTS Defendants' motion to dismiss Plaintiff's complaint on the limited grounds stated above and RE-MANDS the instant case to Defendants to conduct further proceedings consistent with this opinion and order. *See* ECF Dkt. # 24. Further, for the reasons stated above, the Court DENIES Defendants' motion for stay of discovery (ECF Dkt. # 19), Plaintiff's motion to compel discovery (ECF Dkt. # 20), Plaintiff's motion for sanctions (ECF Dkt. # 22), Plaintiff's motion for default judgment (ECF Dkt. # 23), and Defendants' motion for extension of time (ECF Dkt. # 25).

IT IS SO ORDERED.