**Bennie R. LAY, Jr., Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 15–5664.

United States Court of Appeals, Sixth Circuit.

Jan. 6, 2016.

BEFORE: SILER, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge.

This appeal considers whether the district court abused its discretion in granting the Commissioner of Social Security's motion for relief from judgment reducing the attorney's-fee award to Wolodymyr Cybriwsky for his work on behalf of Bennie R. Lay, Jr. Cybriwsky's representation of Lay resulted in the Social Security Administration (SSA) finding Lay disabled from June 28, 2000, to January 3, 2012. Realizing that the original amount of past-due benefits used to calculate Cybriwsky's attorney's fees included benefits from a previous period of disability in which Lay had counsel other than Cybriwsky, the Commissioner moved under Federal Rule of Civil Procedure 60(b)(1) to reduce the attorney's fees award. The district court granted that motion, and Cybriwsky filed a motion to reconsider under Federal Rule of Civil Procedure 59(e), which the district court denied. Cybriwsky appeals both decisions, and we AFFIRM.

## I.

This case involves two separate findings of disability in Lay's favor. The first followed various administrative proceedings and covered a closed period from July 1, 1997, to June 27, 2000 (Disability Decision 1). Disability Decision 1 resulted in SSA's paying Lay $21,220 and his then attorney, Walter Olin, $4,000—for a total payout of $25,220.

Lay's second favorable disability finding followed protracted administrative review. As relevant here, that decision came on the heels of a remand to SSA after Lay filed a complaint in the district court. Upon remand, an Administrative Law Judge (ALJ) considered whether Lay's disability continued after June 27, 2000, and found that it did, giving him a second finding of disability covering June 28, 2000, to January 3, 2012 (Disability Decision 2). The district

court entered judgment in favor of Lay upon the Commissioner's request following Disability Decision 2.

The parties initially agreed that Lay's past-due benefits under Disability Decision 2 totaled $160,326.30. Cybriwsky moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A), and the district court awarded him the statutory maximum of 25%–$40,081.57. Later, the district court awarded Cybriwsky another $13,986.25 in attorney's fees for the benefits he procured for Lay's children stemming from Disability Decision 2. To date, SSA has paid Cybriwsky $49,627.25 in attorney's fees to satisfy these awards

Later, SSA realized that it included benefits for periods not covered by Disability Decision 2 when it calculated Lay's past-due benefits owed under that decision. The Commissioner moved under Rule 60(b)(1) for relief from the judgment awarding Cybriwsky attorney's fees for his representation resulting in Disability Decision 2, explaining that SSA erroneously included benefits already paid to Lay under Disability Decision 1 and that the court should recalculate attorney's fees using the corrected past-due benefit amount. Accepting the Commissioner's explanation of the SSA's error, the district court granted the motion, reasoning that allowing the current fee award to stand would give Cybriwsky both a windfall from Lay's double recovery and pay him fees for work he had not performed. Using the corrected past-due benefit calculation to determine attorney's fees, the district court ordered that "no further sums are due" because SSA had already paid Cybriwsky $49,-627.25—more than the corrected $45,627.25 it owed him.

Cybriwsky moved for reconsideration under Rule 59(e) arguing that the original past-due benefit calculation properly in-

cluded the past-due benefits awarded pursuant to Disability Decision 1. The district court denied that motion relying on the same grounds it used to alter the judgment and also found that the ALJ left Disability Decision 1 undisturbed in making Disability Decision 2. Cybriwsky appeals the orders granting the Commissioner's motion to modify and denying his motion to reconsider.

## II.

### A. Subject–Matter Jurisdiction

■ Cybriwsky argues that the district court lacked subject-matter jurisdiction to modify its attorney's-fee award stemming from Disability Decision 2 because modifying that award recalculated Lay's past-due benefits without SSA's exhausting the administrative process. He relies on *Pohlmeyer v. Secretary of Health & Human Services,* 939 F.2d 318 (6th Cir.1991), to show that a district court lacks jurisdiction to order the Secretary of Health and Human Services to adjust a benefit award when a claimant fails to exhaust administrative remedies. We review questions of subject-matter jurisdiction de novo. *Gaye v. Lynch,* 788 F.3d 519, 525 (6th Cir.2015).

As the Commissioner correctly observes, in granting the motion to modify, the district court merely corrected an error in the amount of past-due benefits used to calculate Cybriwsky's *attorney's-fee award.* The district court made no change to the past-due benefits awarded Lay. Moreover, Social Security regulations make clear that "[d]etermining the fee that may be charged or received" by an attorney is not an initial determination subject to exhaustion requirements. *See* 20 C.F.R. § 404.903(f). Because the district court altered only its order regarding attorney's fees—it ordered no recalculation of Lay's past-due benefits—it had subject-matter

jurisdiction, and we thus consider the merits of this appeal.

### B. The Order Reducing Attorney's Fees

■ We review orders granting relief under Rule 60(b) for abuse of discretion, *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 468 (6th Cir.2007) (citation omitted), and reverse only if we have a "definite and firm conviction that the trial court committed a clear error of judgment," *id.* (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001)). We also review denials under Rule 59(e) for abuse of discretion. *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 467 (6th Cir.2009) (citation omitted).

In support of reversal Cybriwsky argues that he is, in fact, entitled to fees from the period covered by Disability Decision 1 because when the district court remanded the case for further administrative review, that order reopened Disability Decision 1 thereby entitling him to fees upon the favorable finding. He cites the ALJ's decision stating "[Lay] has been disabled ... since July 1, 1997" to support his contention that Disability Decision 2 included the period covered by Disability Decision 1.

But review of the ALJ's decision issued after remand demonstrates that that decision covers only the period after Disability Decision 1. First, the decision frames the issue presented as "whether [Lay's] disability ended ... or continued," and found that "[Lay] continues to be disabled through the date of this decision." This framing suggests that the ALJ considered only whether Lay's disability continued, not whether Disability Decision 1 correctly found him disabled. Second, the ALJ found that "[t]he medical evidence supports a finding that, since June 28, 2000," the severity of Lay's disability has not decreased. The analysis following that

conclusion considers medical evidence from after, but not before, June 28, 2000, confirming that the ALJ limited her review to the period after Disability Decision 1. Finally, nothing in the ALJ's decision states that it reopened Disability Decision 1, despite Social Security regulations requiring specific conditions in order to reopen a previous determination after four or more years. *See* 20 C.F.R. § 404.988(c).

Cybriwsky fails to persuade us toward a definite and firm conviction that the district court abused its discretion by determining that Disability Decision 2 excluded the period of disability covered by Disability Decision 1. And because 42 U.S.C. § 406(b)(1)(A) entitles Cybriwsky to fees for past-due benefits awarded by reason of a judgment in which he represented Lay, no abuse of discretion prompted the reduction in Cybriwsky's fee to exclude past-due benefits from a previous decision in which Lay had counsel other than Cybriwsky.

*C. The Fee Calculation*

■ We briefly consider the reduced fee to which the district court found Cybriwsky entitled. Cybriwsky can collect up to 25% of past-due benefits awarded for claims in which he represented Lay. *See* 42 U.S.C. § 406(b)(1)(A). The district court accepted SSA's corrected past-due benefit calculation owed by reason of Disability Decision 2 as $126,564—of which 25% is $31,641. An affidavit submitted by SSA supports this amount, as does Cybriwsky's calculation. The parties agree that past-due benefits awarded to Lay's children entitle Cybriwsky to $13,986.25. By using $126,564 as the past-due benefit award, the district court found $45,627.25 ($31,641 + $13,986.25) as the correct amount of attor-

ney's fees, less than the $49,627.25, that SSA has already paid Cybriwsky. The district court thus ordered that SSA need pay no more.

In its order granting SSA's motion to modify, however, the district court reduced Cybriwsky's attorney's-fee award by the amount previously paid Lay pursuant to Disability Decision 1—$25,220. Subtracting $25,220 from $160,326.30, however, leaves $135,106.30 or $8,542.30 more than the $126,564 past-due benefit amount that the district court used to recalculate Cybriwsky's attorney's fees.[1] This discrepancy matters not because even if $135,106.30 amounts to the correct total from which to calculate attorney's fees, SSA has still paid Cybriwsky more than it owes him. Using $135,106.30 as the past-due benefits for Disability Decision 2 yields a fee of $47,762.83,[2] less than the $49,627.25 that SSA has already paid Cybriwsky—thus SSA owes Cybriwsky no outstanding attorney's fees.

### III.

Determining that the district court committed no abuse of discretion, we AFFIRM.

1. It appears this extra $8,542.30 derives largely from including eight extra months after the benefits period in the past-due-benefit calculation for Disability Decision 2.

2. 25% of $135,106.30 is $33,776.58; $33,776.58 plus $13,986.25 yields $47,762.83.